## Jess Hodges v. The State.

No. 10824. Delivered November 16, 1927.

### 1.—Rape—Evidence—Objections To—Insufficient.

Where evidence when offered upon a trial is objected to, only on the ground that it is immaterial and irrelevant, such objection is not sufficient. More definite reasons for the objection should be stated. Following Pangburn v. State, 56 S. W. 72, and other cases cited.

### 2.—Same—Evidence—Leading Questions—Rule Stated.

A question propounded to witness, which calls for the answer "yes" or "no" is not therefore necessarily leading. It must go further and suggest which of said answers is desired, or what answer is expected. See Ashlock v. State, 16 Tex. Crim. App. 21, and other cases cited.

### 3.—Same—Evidence—Properly Admitted.

Where appellant, with prosecutrix and a man named Ables, took two young girls to a hotel in Greenville and spent the night with them, there

was no error in admitting a statement made by Ables the following morning as they were carrying the girls to their home in Quinlan, nor was there error in permitting prosecutrix to testify that an officer came. and interviewed her in regard to what had taken place.

**4.—Same—Evidence—Statements Made by Prosecutrix—Properly Admitted.**

Where prosecutrix had testified on cross-examination that she had told officers that she had previously engaged in sexual intercourse with one Albert Harcrow, there was no error in permitting the state, on redirect examination to show by her that this statement was untrue, and was made by her at the suggestion of appellant to shield him.

**5.—Same—Evidence—Cross-Examination—Scope Of.**

Where appellant had, on his cross-examination of prosecutrix, inquired as to statements made by her to the officers, the state on redirect examination was entitled to go into the matter in detail, and show all of such statements.

**6.—Same—Evidence—Procuring Witness to Swear Falsely—Improperly Admitted.**

Where the state was permitted to prove that certain witnesses were procured to give testimony of a very damaging character against appellant, and it was not shown that appellant was in any manner connected with or even knew of such effort, the erroneous admission of proof of these facts requires the reversal of the case.

Appeal from the District Court of Hunt County. Tried below before the Hon. J. M. Melson, Judge.

*H. L. Carpenter,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction of rape, punishment five years in the penitentiary.

Appellant was charged with statutory rape upon a girl over the age of fifteen years and under that of eighteen. The facts introduced on behalf of the state and relied upon seem ample to justify the jury in concluding appellant guilty. Appellant's bills of exception Nos. 1 and 9 respectively complain that the prosecutrix was allowed to say that her father was dead, and that the mother of prosecutrix testified that she was a widow. The only objection offered to this was that it was immaterial and irrelevant. Such objection is not good. Pangburn v. State, 56 S. W. 72; Wilson v. State, 63 Tex. Crim. Rep. 81; Russell v. State, 88 Tex. Crim. Rep. 582.

Prosecutrix testified that appellant gave her something to drink out of a brown bottle. She was asked by the state, "Was there any difference in your feelings before and after you drank

that?" We are not quite able to see how this question was leading or suggestive. A question which calls for the answer yes or no is not therefore necessarily leading; it must go further and suggest which of said answers is desired or what answer is expected. Ashlock v. State, 16 Tex. Crim. App. 21; Malcek v. State, 31 Tex. Crim. Rep. 21; Moore v. State, 49 Tex. Crim. Rep. 504. The question set out did not suggest what answer was expected.

The testimony shows that appellant and one Ables drove a car containing two girls under the age of consent to Greenville and spent the night at a hotel, Ables occupying a room with one of the girls and appellant another room with prosecutrix. The two couples got together early the next morning and started in a car to their home town of Quinlan. When they came to the little town of Cash, Ables left the party. Objection appears to a question which was asked prosecutrix as to whether anything was said at Cash as to why Ables should get out of the car there. We think it entirely proper to show what was said between the parties manifesting Ables' purpose to leave the car in order to allay suspicion and keep down any inquiry as to improper conduct on their part. Nothing is shown in allowing prosecutrix to testify that an officer came and interviewed her in regard to what took place.

On cross-examination of prosecutrix she admitted that she had told officers who were probing this rape case some time after it was supposed to have occurred that she had had intercourse with one Albert Harcrow. On redirect examination she was asked why she told this to the officer. This being objected to, the question was changed, and the witness stated that appellant told her that if she would say somebody else had intercourse with her they would drop his case where it was. Certainly if for the purpose of affecting the credibility of prosecutrix as a witness appellant had shown that she stated as true certain facts now denied by her, the state would have the right to sustain her by showing that the discrediting statements were made at the instance of appellant and that they were not true.

If we understand bill of exceptions No. 7, it sets out that appellant asked prosecutrix relative to statements made by her to the officers out of the presence of appellant, and that on redirect examination her explanation was offered as to what was then really said. We do not think this a proper subject of objection, and especially not the objection made, which was that it was out of the presence of appellant. We have carefully examined the other bills of exception appearing in the record

and find nothing in them calling for discussion save bills of exception Nos. 15 and 20, which present practically the same question.

The only defensive issue made by appellant in testimony was that prosecutrix was of unchaste character. He did not deny having intercourse with her; in fact, he did not testify. She testified without contradiction that soon after the alleged rape he told her that if she would say that she had had intercourse with others his case would be dropped, and she admitted that acting upon his suggestion, when an inquiry into the matter was begun, she said she had been intimate with another, but when she found that this resulted in the arrest of the other man whom she named, she then repudiated the truth of this and affirmed that she had made it at appellant's request and suggestion. The only witness offered by appellant in support of his claim that prosecutrix was of unchaste character was Opal Knighten, who swore that after said alleged rape prosecutrix told her that she did not see why they made such a fuss about Jess Hodges when other boys had been intimate with her. Prosecutrix took the stand and denied the truth of the testimony of Opal Knighten. Thereafter the state put on the stand Beulah Sisk, who swore that on a certain occasion prior to this trial she was at the home of Opal Knighten and appellant was there calling upon Eula, a sister of Opal Knighten, the latter not being at home. In appellant's presence Eula asked witness to agree, and she did agree, that they, too, would also swear on appellant's trial that· they heard prosecutrix say that she did not see why they made so much fuss about appellant when she had been intimate with other boys. This witness said appellant did not ask her to so swear, but that he was present listening while she made the agreement which Eula Knighten asked her to make. It appears that after this agreement was made appellant's attorneys had a subpoena issued for Eula Knighten and Beulah Sisk, and witness said they had come to court in obedience to this process. She further said that what she and Eula had agreed to testify was false, as she had never heard prosecutrix make any such statement. Proof of subornation of perjury or attempted subornation, or the fabrication of testimony, or the attempt to procure fabricated testimony in behalf of the accused, becomes material if connivance at same can be brought home to the accused, and we have no doubt of the fact that this may be proven by circumstances, as any other issuable fact. However, we are of opinion that in this case the state was not entitled to make the proof by Beulah Sisk which is above set out. This

witness testified positively that appellant did not say a word to her in any effort to induce her to agree to testify falsely. The most that could be said was that he was present when she and Eula Knighten made such agreement. It is unquestionably true that the testimony which she says she and Eula Knighten agreed to give was never offered upon this trial. That such testimony as that given by Miss Sisk was greatly injurious to appellant is apparent. It not only sought to fasten upon him the character of a procurer of false testimony, but also operated to strongly suggest that the testimony of Opal Knighten was the result of fabrication. We have considered the circumstances which might have had weight with the learned trial judge in inducing him to admit this testimony, as against appellant, but are unable to bring ourselves to believe that the circumstances were sufficiently strong to justify any conclusion that appellant authorized the agreement between Miss Sisk and Eula Knighten. One can not be bound by the actions of his friends or relatives in procuring false testimony, unless he in some way sanctioned same. Nader v. State, 86 Tex. Crim. Rep. 424.

Believing the testimony given materially hurtful to appellant, and that it was improperly admitted, we are under the necessity of holding same to be a reversible error. For such error the judgment will be reversed and the cause remanded.

*Reversed and remanded.*