Charles Lamar **HICKS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–81–0334–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 4, 1982.

Discretionary Review Refused
May 19, 1982.

Allen Isbell, Houston, for appellant.

Winston E. Cochran, Houston, for appellee.

Before WARREN, DUGGAN and PRICE, JJ.

PRICE, Justice.

This appeal is taken from a conviction for the offense of robbery by use of a firearm under our former penal code, Article 1408, V.A.P.C. (1925). Upon the jury's return of a verdict of guilty, the appellant plead true to the enhancement paragraph and the trial court assessed punishment of 55 years confinement.

This conviction is a retrial of a former conviction reversed by the Court of Criminal Appeals because of a fundamental variance between the allegations in the indictment and the theory of conviction presented in the trial court's charge.

The sufficiency of the evidence is not challenged.

The facts reflect that on October 31, 1973, Mrs. Irine Page returned home from the grocery store. As she entered the house, the appellant having a heavy beard and bushy afro, grabbed her and held a gun to her head. He then opened her purse and took all the money and keys out of it. He made the complainant lie down on the couch and told her if she would do as she said, he would not hurt her. The appellant proceeded to take various items, including four rifles, a shotgun, and a pistol from the house. He placed these items in the complainant's car and drove off.

In October 1974, Mr. Allen Howard was stopped by police officers and one of the rifles stolen during the robbery in question was found in his possession. Mr. Howard testified that he purchased the rifle from the appellant. At a lineup, Mrs. Page was unable to identify Mr. Howard as the assailant. However, she stated he had a similar complexion. At a later lineup, Mrs. Page positively identified appellant as the person who robbed her.

The only issue before this court is whether this appellant received effective assistance of counsel as guaranteed by the Sixth Amendment made applicable to the states by the Fourteenth Amendment and by the "right to be heard" provision of the State Constitution. U.S.C.A.Const.Amends. 6, 14; Vernon's Ann.St.Const.Art. 1, § 10. The standard of performance used to test the adequacy of representation afforded an accused by retained as well as appointed counsel is one of "reasonably effective assistance". *Cuyler v. Sullivan,* 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed. 333 (1980); *Hurley v. State,* 606 S.W.2d 887 (Tex.Cr.App.1980).

In his first three grounds of error, the appellant complains of the failure of the retained trial attorney to give effective assistance of counsel based on his calling witness Sandra Young, a parole officer, whose testimony concerning the color of the appellant's eyes allegedly showed that 1) trial counsel failed to investigate the TDC classification of eye color for a negro, 2) showed the commission of an extraneous offense, and 3) gave rise to the introduction of Defense Exhibit No. 11, which showed the commission of an extraneous offense.

The record indicates that the defense counsel called Mrs. Sandra Young, a parole officer, specifically for the purpose of utilizing information contained in Defense Exhibit No. 11, the arrival notice, made when the appellant was paroled from prison. The defense attorney attempted to have read to the jury only that portion of the exhibit concerning the physical description of the appellant. The prosecutor made repeated

objections to this procedure and the trial court judge, in sustaining the prosecutor's objection, told the defense attorney to offer the exhibit into evidence under the proper predicate procedures before it.

Obviously, the defense attorney's intent in calling Mrs. Young was to discredit the complaining witness's testimony that the appellant's eyes were black, since the arrival notice stated that his eyes were maroon. However, Mrs. Young testified under cross-examination that most of the TDC records state that a black person's eyes are maroon. That fact is something that would not be apparent to the most diligent attorney, unless he researched records that did not involve his client.

The residual effect of the jury finding out about the appellant's prior conviction, through Mrs. Young's testimony and the information contained in the arrival notice, was a calculated risk taken by the defense attorney in order to establish through documented evidence the misidentification of the appellant by the complaining witness. This attempt to prove that Mrs. Page was mistaken as to the identify of her assailant was a trial strategy that backfired. It does not indicate that counsel was ineffective as that term is defined in *Cuyler*, supra. We cannot on appeal hold that a trial strategy which did not develop as planned, constitutes such ineffective assistance of counsel that would require a reversal. We are not in a position to "second guess", through appellate hindsight, the strategy adopted by counsel at trial. *Faz v. State*, 510 S.W.2d 922 (Tex.Cr.App.1974); *Ewing v. State*, 549 S.W.2d 392 (Tex.Cr.App.1977).

Grounds of error one, two, and three are overruled.

▮ In his fourth ground of error, the appellant complains of ineffective assistance of counsel for failing to object to the admission of a mug shot taken prior to the arrest for this offense and thus allowed evidence before the jury which tended to show the commission of an extraneous offense.

The record reflects that a police photograph or "mug shot" of the appellant was offered and introduced into evidence without objection. Testimony concerning the photograph indicated it was taken July 15, 1974, a date subsequent to the date of this offense but prior to the appellant's arrest.

An issue was raised at trial as to the identification of the appellant by the complaining witness Mrs. Page. The appellant's principal defense was an attack upon the description and in-court identification made by the complainant. The defense included the presentation of several witnesses who testified that the appellant had never had a full beard or a bushy afro.

One such witness was Flossie Hicks, the appellant's mother, who testified the photograph did not truly depict her son's appearance in July 1974. Her testimony further indicates that the photograph was taken while the appellant was in jail.

The state offered in rebuttal the photograph in question. To the extent it showed the appellant with a full beard and afro, the photograph was admissible. However, that portion of the photograph indicating it was taken by the Houston Police Department is not admissible. But because no objection was made, the entire photograph was admitted, and any error was waived. *Smith v. State*, 595 S.W.2d 120 (Tex.Cr.App.1980).

In light of all of the testimony, it would be impossible to speculate what impact, if any, the police identification markings on the photograph might have had on the jury. Regardless, it was not so prejudicial as to be harmful to the appellant. The State's case would not have been significantly less persuasive had the identification markings been excluded. Consequently, the failure of trial counsel to object to such marking did not make him ineffective.

Finally, the appellant complains of ineffective assistance of counsel by his failure to object to the testimony of two police officers that indicated that the complaining witness identified the appellant in a lineup.

▮ Texas law is settled that the unimpeached testimony of a witness, relating to

his positive identification of the appellant at a lineup may not be bolstered by other testimony corroborating the fact that he did identify the appellant. *Lyons v. State*, 388 S.W.2d 950 (Tex.Cr.App.1965); *Turner v. State*, 600 S.W.2d 927 (Tex.Cr.App.1980).

The record indicates that after attending the second lineup, the complaining witness, Mrs. Page, made a positive identification of the appellant as the robber. She testified that he was the only person in the lineup with facial hair. Officers Musick and Koby, who conducted the lineup, corroborated Mrs. Page identification of appellant at the lineup. However, her testimony was contradicted when Officer Musick testified that several of the participants in the lineup had facial hair.

The record also indicates that during the first lineup she attended, Mrs. Page did not identify Allen Howard as her assailant. However, she testified he was the only person in the lineup with a complexion similar to the robber. After this testimony was corroborated by Officers Musick and Koby, the defense offered as impeachment a portion of the police offense report indicating that Mrs. Page made a tentative identification of Allen Howard as her assailant. The report further states that Mrs. Page was not able to be positive in this identification only because Mr. Howard did not have a beard.

■ If not impeached, the testimony of the identification witness was clearly undermined and clouded by appellant's cross-examination. This would be sufficient to admit the testimony of the officers conducting the lineup that Mrs. Page had identified the appellant in such lineup. *Proctor v. State*, 503 S.W.2d 566 (Tex.Cr.App.1974); *Smith v. State*, 595 S.W.2d 120 (Tex.Cr.App. 1980).

Appellant's fifth and sixth grounds of error are overruled.

■ The adequacy of an attorney's services on behalf of the appellant must be gauged by the totality of the circumstances, *Satillan v. State*, 470 S.W.2d 677 (Tex.Cr. App.1971); *Witt v. State*, 475 S.W.2d 259 (Tex.Cr.App.1971); and any allegations of ineffective representation will be sustained only if they are firmly founded, *Howard v. Beto*, 466 F.2d 1356 (5th Cir. 1972).

We have examined the record diligently paying particular attention to the instances which are criticized by appellant's new counsel. Appellant had the benefit of competent counsel throughout the trial. He has discharged the burden imposed upon him by the standards set forth in *Cuyler v. Sullivan*, supra. We find no merit, factually or legally, in the contention being advanced by appellant.

The judgment of the trial court is affirmed.