**Woodrow Raymond NOVAK a/k/a Michael Lee Collins, Appellant,**

v.

**The STATE of Texas, Appellee.**

Nos. 01–91–00273–CR, 01–91–00505–CR.

Court of Appeals of Texas, Houston (1st Dist.).

July 30, 1992.

Discretionary Review Refused Dec. 23, 1992.

Greg Glass, Herb H. Ritchie, Houston, for appellant.

John B. Holmes, Jr., Scott A. Durfee, Denise Oncken, Houston, for appellee.

Before COHEN, DUGGAN and PRICE,[1] JJ.

## OPINION

DUGGAN, Justice.

While in jail awaiting trial on an indictment for aggravated robbery, appellant was indicted for delivery of a controlled substance. A jury found appellant guilty on the aggravated robbery charge and assessed his punishment at 40–years confinement. Appellant then pleaded guilty to the controlled substance charge and, pursuant to a plea bargain agreement, received a

---

1. The Honorable Frank C. Price, former Justice, Court of Appelas, First District of Texas at Houston, sitting by assignment.

second sentence of 40 years, to run concurrently with the first. We affirm.

Appellant does not challenge the sufficiency of the evidence to support his aggravated robbery conviction. A brief recital of its facts is necessary, however, to a proper evaluation of his points of error five and seven.

Viewed in the light most favorable to the verdict, the record reflects the following facts. On the night of April 19–20, 1990, the complainant, Mr. Fuentes, was at home alone and asleep when he was awakened by appellant standing by his bed holding Fuentes' own pistol. Appellant ordered Fuentes out of bed and demanded his money and valuables. Fuentes gave appellant and his accomplice five dollars from his wallet. The two of them proceeded to ransack the apartment, during which appellant called the Yellow Cab company and requested that they send a taxi. He asked Fuentes the correct address to give the cab company. Appellant then handcuffed Fuentes to the drain pipe of the bathroom sink, and continued to help his accomplice search for more of Fuentes' valuables. The two found and took Fuentes' automatic teller card and several other items, and threatened to return and kill him if the PIN code number he gave them for the teller card proved to be wrong. When the taxicab arrived, the pair did not go out to meet it, but instead quietly waited inside for the driver to give up and leave. Fuentes heard them continuing to ransack his apartment; eventually, he heard that it was quiet.

After calling out and receiving no answer, Fuentes broke the drain pipe apart and cautiously crept out. When he determined that appellant and his accomplice had indeed left, Fuentes called the police, who arrived within 15 minutes. After talking to Fuentes, the officers called Yellow Cab and were told that a cab had been summoned to that location by a person who gave his name as "Mike," and that the cab had left empty when no one met it. The record shows that appellant sometimes uses the alias Michael Lee Collins. Because Fuentes' assailants were apparently on foot, the officers began a search of the neighborhood, and arrested appellant and his accomplice a few blocks away. Fuentes' teller card and other items of his property were found in the accomplice's possession.

Appellant advances nine points of error. With respect to each conviction, appellant presents four points of error in a consolidated argument complaining of denial of effective assistance of counsel and denial of due process rights under both the U.S. and Texas constitutions.

The standard for evaluating claims of ineffective assistance of counsel is set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and its progeny. Appellant must show both (1) that counsel's representation fell below an objective standard of reasonableness, 466 U.S. at 688, 104 S.Ct. at 2064, and (2) the probability that, but for counsel's errors, the result of the proceeding would have been different, 466 U.S. at 694, 104 S.Ct. at 2068. It is not necessary for a reviewing court to determine whether counsel's performance was deficient before examining whether an appellant has suffered prejudice as a result of those alleged deficiencies; the elements of the two-part standard may be addressed in either order. 466 U.S. at 697, 104 S.Ct. at 2069.

In his points of error five and seven, appellant contends that his trial counsel rendered ineffective assistance on the aggravated robbery charge, thereby denying him a fundamentally fair trial. He asserts that his trial counsel's performance was deficient in eight specific respects. We address each of these contentions, though only the discussion of appellant's fifth contention appears in the published portion of our opinion.

Appellant's fifth contention is that his attorney prejudiced his defense when he offered the police offense report into evidence without redaction of those portions that mention appellant's prior criminal record, and without requesting a proper limiting instruction.

At appellant's motion for new trial hearing, trial counsel testified that his pur-

pose in introducing the offense report was to impeach Fuentes with the differences between the version of the events he related to the officers, as reflected in the offense report, and his later trial testimony. Such a decision is a reasonable trial strategy, and is within the range of competence demanded of attorneys in criminal cases. *See, e.g., Hicks v. State,* 630 S.W.2d 766 (Tex.App.—Houston [1st Dist.] 1982, pet. ref'd).

 In *Hicks,* the defense attorney attempted to discredit the complaining witness' testimony by using an "arrival notice" generated when his client was paroled on a prior conviction. The notice contained a different physical description of his client from that given by the complaining witness, but also showed the prior conviction. In *Hicks,* the defense attorney attempted to withhold the prior conviction portion of the notice from the jury, and introduced the whole arrival notice only when the trial court refused to allow the conviction information to be withheld. This Court held that (1) such strategy was reasonable, even though it placed Hicks' prior convictions before the jury, and (2) even though it backfired, the strategy did not indicate that Hicks was deprived of effective assistance of counsel. *See* 630 S.W.2d at 768. In the instant case, counsel could reasonably have decided as trial strategy that the value of the remainder of the offense report, as a tool to impeach Fuentes, outweighed the effect of the jury's learning of appellant's prior criminal record. However, nothing in the record explains how counsel could reasonably have decided to forego an attempt to first offer a redacted version. If counsel had done so, and if the trial court had refused to allow a redacted version, counsel might then have reasonably decided to introduce the whole offense report, as in *Hicks,* and could have requested a limiting instruction as a fallback.

We conclude that counsel erred in offering the entire unredacted offense report in the first instance, and that in doing so his representation fell below an objective standard of reasonableness. This conclusion does not end our inquiry, however. Even the unintended disclosure of prior convictions during trial as the result of counsel's error does not create prejudice as a matter of law. *See, e.g., Trybule v. State,* 737 S.W.2d 617, 620 (Tex.App.—Austin 1987, pet. ref'd) (conviction for attempted murder affirmed despite defense counsel's inadvertently opening door for state to introduce fact of appellant's prior misdemeanor criminal record). The question remains whether the probability that the result of the proceeding would have been different is sufficient to undermine confidence in the outcome of the proceeding. *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068; *Trybule,* 737 S.W.2d at 620.

 The evidence of appellant's guilt was overwhelming. Fuentes was still wearing a handcuff on his wrist when the police arrived. The police observed the broken drain pipe and water on the floor in Fuentes' bathroom where Fuentes had broken himself free. Fuentes' apartment was in disarray and appeared to have been ransacked. Appellant was apprehended in the vicinity of Fuentes' home approximately 35 or 40 minutes after Fuentes first called the police. He and his accomplice were lingering behind a building in an area where there were no businesses open at that hour. The two split up when the officers pulled up in their patrol car. Appellant's accomplice kept going, ignoring the officers' orders to stop. Appellant's accomplice had Fuentes' gun and holster, spare ammunition, ATM card, Social Security card, camera, and chemical mace spray on his person. Fuentes positively identified appellant and his accomplice that night, immediately after they were arrested, and again at trial on both direct and cross-examination. Such evidence of guilt supplied a more than adequate basis for appellant's conviction on the aggravated robbery charge.

The prosecution did not refer to appellant's prior convictions in either its opening or closing argument at the guilt-innocence phase. The only prosecutorial reference to the prior convictions during testimony was in a brief exchange with one of the arrest-

ing officers, after the report was introduced by the defense:

Q: If I could refer you to Page 5 of your offense report, the latter half of that paragraph, that describes your checking into the background of the defendant—Woodrow Raymond Novak; is that correct?

A: Yes, ma'am.

Q: What kind of things did you find out when you checked into his background?

 ....

A: I found him to currently be on parole for auto theft. I didn't write down anything else, but I notice that it says he has a lengthy rap sheet. You usually write that when there's two or three other things on a rap sheet. The rap sheet being the defendant's or a person's criminal history.

The only defense reference to the prior convictions at the guilt/innocence phase of trial was an oblique statement by appellant's trial counsel in closing argument. There, he admonished the jury, "You see, Mr. Novak is not on trial now because he had some problems before. He's on trial before you right now for the offense that's alleged in this indictment, for the offense of aggravated robbery. That's all he's on trial for, and I would ask you to consider just that." The content of this admonition was essentially identical to the limiting instruction that appellant contends trial counsel should have offered for inclusion in the charge.

■ Finally, we also note that trial exhibits are not automatically furnished to the jury. *See Lopez v. State*, 628 S.W.2d 82, 85 (Tex.Crim.App.1982). The furnishing of those exhibits to the jury is mandatory only upon request of the jury. *Id.; see also* TEX.CODE CRIM.P.ANN. art. 36.25 (Vernon 1981). Appellant has not directed our attention to any indication in the record that the jury made such a request, or that the trial court independently supplied the jury with the offense report to take with it into the jury room, or that the jury read the report at any point. Our own search of the record reveals no such indication.

Taken together with the strong evidence of appellant's guilt, these circumstances leave us confident in the outcome of the trial. Appellant has not met the second part of the *Strickland* test with respect to his complaints about the admission of the offense report. Appellant's fifth contention is inadequate to sustain his points of error five and seven, as are his other contentions in support of those points.

■ None of the contentions appellant advances in support of his points of error five and seven suffice, individually or collectively, to show that his court-appointed counsel rendered ineffective assistance that prejudiced him on the disposition of the aggravated robbery charge. Claims of ineffective assistance of counsel must be gauged by the totality of the circumstances. *Satillan v. State*, 470 S.W.2d 677, 679 (Tex.Crim.App.1971). Allegations of ineffective assistance will be sustained only if they are firmly founded, and only if the record affirmatively demonstrates counsel's alleged ineffectiveness. *Ex parte Cruz*, 739 S.W.2d 53, 59 (Tex.Crim. App.1987). Appellant has not met his burden to show that he was denied a fundamentally fair trial. Points of error five and seven are overruled.

The remaining discussion of points of error five and seven and the discussion of the remaining points of error does not meet the criteria for publication, TEX.R.APP.P. 90, and is thus ordered not published.

The judgment of the trial court is affirmed.