Rhodes v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-93-008-CR

Â Â Â Â Â LINDSEY RHODES,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â THE STATE OF TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the 52nd District Court
Coryell County, Texas
Trial Court # 12,876
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

O P I N I O N
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â A jury found Lindsey Rhodes guilty of aggravated assault on a correctional officer and, as a
result of enhancement, assessed punishment at forty-eight years. Rhodes argues that he was
denied effective assistance of counsel and that the court erred by not charging the jury on self-defense. We affirm.
Â Â Â Â Â Â Lindsey Rhodes is an inmate incarcerated at the Hughes Unit of the Texas Department of
Criminal Justice. On January 15, 1992, Officer Lozano, a correctional officer employed at the
Hughes Unit, was inventorying Rhodes' property because Rhodes was being moved to another part
of the prison. During the inventory Rhodes began grabbing his property. Lozano ordered him
to put the property back on the table, but he refused.
Â Â Â Â Â Â After Rhodes ignored several direct orders to put the property down, Lozano tried to escort
him out of the room. Rhodes then assumed an assaultive position and Lozano struck him. Rhodes
then hit Lozano with a combination lock that he held in his fist. Lozano suffered several cuts,
abrasions, and contusions. 
Â Â Â Â Â Â In his first point Rhodes contends that his counsel was ineffective because he failed to call a
witness who could testify that Rhodes did not strike Lozano. The standard of review for
evaluating claims of ineffective assistance of counsel is two-pronged. Strickland v. Washington,
466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Novak v. State, 837 S.W.2d 681, 683
(Tex. App.âHouston [1st Dist.] 1992, pet. ref'd). First, the appellant must show that counsel's
representation fell below the objective standard of reasonableness. Strickland, 466 U.S. at 688,
104 S.Ct. at 2064; Novak, 837 S.W.2d at 683. That is, we must determine whether appellant's
counsel's performance failed to constitute reasonably effective assistance of counsel. See Ex parte
Menchaca, 854 S.W.2d 128, 131 (Tex. Crim. App. 1993). If so, he must then show the
probability that, but for counsel's errors, the result of the proceeding would have been different. 
Strickland, 466 U.S. at 694, 104 S.Ct. at 2068; Novak, 837 S.W.2d at 683.
Â Â Â Â Â Â A claim of ineffective assistance of counsel based on the failure to call witnesses must fail in
the absence of a showing that the witness was available to testify and the defendant would have
benefitted from the testimony. Coons v. State, 758 S.W.2d 330, 333 (Tex. App.âHouston [14th
Dist.] 1988, pet. ref'd). Without a showing that a potential defense witness was available, and
that his testimony would benefit the defense, counsel's failure to call this witness is irrelevant. 
Wilkerson v. State, 726 S.W.2d 542, 551 (Tex. Crim. App. 1986). Rhodes made no showing of
the availability of the witness, what his testimony would have been, or how his absence prejudiced
him; thus, counsel's failure to call this witness is irrelevant. We overrule the first point.
Â Â Â Â Â Â Rhodes contends in his second point that the court improperly excluded a charge on self-
defense. When evidence raises the issue of self-defense, the accused is entitled to have it
submitted to the jury. Dyson v. State, 672 S.W.2d 460, 463 (Tex. Crim. App. 1984). However,
Rhodes must show that Lozano used unlawful force before he is entitled to a charge on self-defense. See Letson v. State, 805 S.W.2d 801, 805 (Tex. AppâHouston [14th Dist.] 1990, no
pet.). Because there is no evidence that Lozano used excessive force, Rhodes was not entitled to
a charge of self-defense. We overrule point two and affirm the judgment.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â BOB L. THOMAS
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice

Before Chief Justice Thomas,
Â Â Â Â Â Â Â Â Â Â Justice Cummings, and
Â Â Â Â Â Â Â Â Â Â Justice Vance
Affirmed
Opinion delivered and filed May 11, 1994
Do not publish



tify'>   A.Â  Define abuse.Â  You want to leave a
child alone all day for 12 hours without his brother or anything that he owns?

Â Â Â Â Â Â Â Â Â Â Â  MR. DAVIS:Â  Object to nonresponsive.

Â Â Â Â Â Â Â Â Â Â Â  THE COURT:Â  Overruled.

Â Â Â Â Â Â Â Â Â Â Â  Q.Â  (By Mr. Davis)Â  All right.Â  So Â
well, do you think that she would have abused them?

Â Â Â Â Â Â Â Â Â Â Â  A.Â  Physically, no.

Â Â Â Â Â Â Â Â Â Â Â  Q.Â  Okay.Â  You think that she would
have mistreated them?

Â Â Â Â Â Â Â Â Â Â Â  A.Â  No.

Â 

* * *

Â 

FURTHER REDIRECT EXAMINATION

Â 

Â Â Â Â Â Â Â Â Â Â Â  Q.Â  Okay.Â  Do you think, in your
opinion, is there a danger of them not coming back if sheÂs allowed to take
them?

Â Â Â Â Â Â Â Â Â Â Â  A.Â  I Â I would think so, yes.Â  You
know, based on what has occurred here, I donÂt think that Â that I would be
able to get them back without spending a whole lot more money and going back to
court.

Â Â Â Â Â Â Â Â Â Â Â  Q.Â  Okay.Â  Now, as far as the
conditions that Â that were in Colorado, whenever you came up there to get
them, the living conditions, can you tell the Court what condition the house
was in?

Â Â Â Â Â Â Â Â Â Â Â  A.Â  Oh, the house was a complete mess,
filthy, cluttered.Â  The kidsÂ rooms were disgusting.Â  It was obvious that she
had not, you know, forced them to clean up after themselves.Â  You know, they
didnÂt Â they didnÂt have clean laundry.

Â Â Â Â Â Â Â Â Â Â Â  Q.Â  What Â what time did you arrive
over there?

Â Â Â Â Â Â Â Â Â Â Â  A.Â  It was about lunchtime.

Â Â Â Â Â Â Â Â Â Â Â  Q.Â  Okay.Â  And where was Ms. Workman
whenever you Â or where was your ex-wife when you came up there?

Â Â Â Â Â Â Â Â Â Â Â  A.Â  She was home in bed whenever I
arrived.Â  The children got her up when I got there.

Â Â Â Â Â Â Â Â Â Â Â  Q.Â  Okay, and itÂs your condition Â
contention that based on your previous conversations with your wife Â or your
ex-wife, that she leaves the kids home during the day?

Â Â Â Â Â Â Â Â Â Â Â  A.Â  She does.

Â Â Â Â Â Â Â Â Â Â Â  Q.Â  Okay.Â  Leaves them to fend for
themselves for food?

Â Â Â Â Â Â Â Â Â Â Â  A.Â  ThatÂs correct.

Â Â Â Â Â Â Â Â Â Â Â  Q.Â  Do you know of anybody that
watches them?

Â Â Â Â Â Â Â Â Â Â Â  A.Â  No.

Â Â Â Â Â Â Â Â Â Â Â  Q.Â  Okay.Â  So theyÂre a 14-year-old
and 12-year-old?

Â Â Â Â Â Â Â Â Â Â Â  A.Â  ThatÂs correct.Â  I know for a fact
they donÂt have any adult supervision when sheÂs not there because I speak with
them on theÂ  phone regularly.

Â Â Â Â Â Â Â Â Â Â Â  Q.Â  Okay.Â  So you donÂt get a day-care
provider or Â

Â Â Â Â Â Â Â Â Â Â Â  A.Â  No.

Â Â Â Â Â Â Â Â Â Â Â  Q.Â  Â you know, babysitter or anything
like that?

Â Â Â Â Â Â Â Â Â Â Â  A.Â  No.

Â Â Â Â Â Â Â Â Â Â Â  Q.Â  So do you think that a 14-year-old
and a 12-year-old you should be left alone all day?

Â Â Â Â Â Â Â Â Â Â Â  A.Â  No.

Â Â Â Â Â Â Â Â Â Â Â  Q.Â  And at your residence, your house,
you have a 17-year-old you said?

Â Â Â Â Â Â Â Â Â Â Â  A.Â  We do.

Â Â Â Â Â Â Â Â Â Â Â  Q.Â  And she stays with them all day?

Â Â Â Â Â Â Â Â Â Â Â  A.Â  She does.

Â 

Â Â Â Â Â Â Â Â Â Â Â  There was testimony that either
approximately eight or nine months, or as much as three years earlier, one of
the boys had ridden a bus to another town when he was nine years old.Â  There
was no testimony of any harm having come to the child or of the father taking
any action to seek custody as a result.Â  There was also evidence that the
mother was attending college, completing her bachelorÂs degree and working
nights during the time period the boys were in Colorado and that the mother had
recently graduated, had changed jobs, and was no longer working at night.Â 
There was some uncertainty surrounding the new job and its travel requirements
but nothing to suggest an immediate or impending danger to the boys as a
result.Â  

Â Â Â Â Â Â Â Â Â Â Â  There is no question that the children
had not been abandoned in Texas.Â  The question I am left with then is:Â  What is
the evidence that exercise of Temporary Emergency Jurisdiction is necessary in
an emergency in order to protect the child because the child, or a sibling, is
subjected to or threatened with mistreatment or abuse?Â  Having found no such
evidence in the record before me, I would conditionally grant the writ of
mandamus, thus requiring the trial court to dismiss the emergency proceeding
initiated in Texas.Â  Because the Court does not, I respectfully dissent.[1]

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  TOM
GRAY

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Chief
Justice

Dissenting
opinion delivered and filed December 8, 2010









[1]Â  Because of my disposition of the first issue, it
would be unnecessary to reach the remaining issues.