96265cra.rdd.wpd
















IN THE
TENTH COURT OF APPEALS
 

No. 10-96-265-CR

     BRIAN ERIC HOPKINS,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 
 
From the 13th District Court
Navarro County, Texas
Trial Court # 26,268
                                                                                                                 

O P I N I O N
                                                                                                                 

      A jury convicted Appellant Brian Eric Hopkins of aggravated sexual assault. See Tex. Penal
Code Ann. § 22.021(a)(1)(A)(i), (2)(A)(v) (Vernon Supp. 1997). The jury assessed Hopkins’
punishment at five years’ confinement in the Institutional Division of the Texas Department of
Criminal Justice.
      Hopkins brings this appeal asserting in three points that the evidence is insufficient to prove
lack of consent and that his trial counsel rendered ineffective assistance by failing to object to
certain leading questions propounded by the State and by inadvertently eliciting testimony of bruises
on the complainant. We will affirm the judgment.
      The indictment alleges that on or about April 28, 1996, Hopkins sexually assaulted Kristy
Bower by penetrating her vagina with his finger. The indictment also alleges that Hopkins acted
“in concert” with Malik Ledbetter when Ledbetter penetrated Bower’s vagina with his finger.
      The record reflects that Hopkins attended a party with Bower, Stephanie Tarvin, and others
during the night of April 27, 1996. At some point during the early morning hours of April 28,
Hopkins, his brother Bradley (“Bradley”), and his friend Malik Ledbetter invited Bower and Tarvin
to go for a ride. Bower rode in the back seat between Hopkins and Ledbetter. They stopped in
an isolated area where Tarvin and Bradley got out and went to the front of the car. 
      According to Bower’s testimony, Hopkins and Ledbetter started taking off her clothes. She
testified that she told them to stop repeatedly and tried to push them off. She tried to resist as much
as she could. She explained that Hopkins and Ledbetter were both bigger than she and that she was
not strong enough to push them away. Hopkins and Ledbetter removed all her clothing, ripping
her panties in the process. Hopkins inserted his finger in Bower’s vagina “more than once” despite
her repeated requests that he stop. Ledbetter and Bradley also penetrated Bower’s vagina with their
fingers. Bower unequivocally stated that she did not consent to the assault.
      Tarvin testified that she could not see what was happening from her vantage point but was
concerned that Hopkins and Ledbetter were doing something against Bower’s will. When she was
able to get to the back of the car, she noticed that Bower was upset and did not have all her clothes
on. A few days later she observed bruises on Bower.
      Bradley testified that Bower took off her own clothes and had completely stripped herself by
the time they stopped the car. Hopkins testified in his own defense. He stated that he did not “try
to force intercourse on [Bower];” Bower took off her own clothes with Ledbetter’s help; and Bower
“did what she wanted to do consensually.”
      In his first point, Hopkins contends the evidence is insufficient to prove that Bower did not
consent to the digital penetration inflicted by himself and Ledbetter.


 Hopkins alleges that while
the evidence does show resistance on Bower’s part, it does not establish that he used physical force
to compel her submission.
      In reviewing a claim of legal insufficiency, we view the evidence in a light most favorable to
the verdict and determine whether any rational trier of fact could have found the essential element
beyond a reasonable doubt. Saxton v. State, 804 S.W.2d 910, 914 (Tex. Crim. App. 1991) (citing
Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979)). We
measure the sufficiency of the evidence against the court’s charge. Boozer v. State, 717 S.W.2d
608, 610 (Tex. Crim. App. 1984). We resolve any inconsistencies in the evidence in favor of the
verdict. Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988).
      The parties agree that the sole issue at trial was consent. The court’s charge instructed the jury
that the alleged assault was perpetrated without Bower’s consent if Hopkins “compel[led] [her] to
submit or participate by use of physical force.” See Tex. Penal Code Ann. §§ 22.021(c),
22.011(b)(1) (Vernon 1994 & Supp. 1997). Thus, we must weigh the evidence in a light most
favorable to the jury’s verdict to determine whether any rational trier of fact could have found that
Hopkins compelled Bower to submit to the assault by the use of physical force. Saxton, 804
S.W.2d at 914.
      We determine the question of consent by examining the totality of the circumstances. Brown
v. State, 576 S.W.2d 820, 823 (Tex. Crim. App. [Panel Op.] 1978); Bannach v. State, 704 S.W.2d
331, 333 (Tex. App.—Corpus Christi 1986, no pet.). The term “physical force” as used in the
sexual assault statute “include[s] any application of force even though it entails no pain or bodily
injury and leaves no mark.” Wisdom v. State, 708 S.W.2d 840, 843 n.3 (Tex. Crim. App. 1986)
(quoting People v. Flummerfelt, 153 Cal. App. 2d 104, 313 P.2d 912, 913 (1957)).
      The evidence before us reveals that Bower was between two men who were larger than she. 
She repeatedly asked them to stop and tried to push them away. They pulled her clothing off,
ripping her panties in the process. Tarvin suspected that Hopkins and Ledbetter were doing
something contrary to Bower’s wishes. She later observed bruises on Bower. From this evidence
we conclude that a rational trier of fact could have found that Hopkins used physical force to
compel Bower’s submission to the sexual assault. See Ellison v. State, 648 S.W.2d 727, 728-29
(Tex. App.—Corpus Christi 1983, no pet.) (evidence sufficient where complainant “allowed herself
to be voluntarily escorted” to car by three strangers who drove her to a secluded area and sexually
assaulted her and complainant testified that she did not consent to the assault).


 Thus, we overrule
Hopkins’ first point.
      Hopkins’ second and third points allege that his attorney at trial rendered ineffective assistance
of counsel by failing to object to leading questions by the State and by inadvertently eliciting the
testimony from Tarvin that Bower had bruises after the assault.
      The State responds that Hopkins’ second point is multifarious because it complains that his trial
counsel erred by failing to object to ten separate questions. See Sterling v. State, 800 S.W.2d 513,
521 (Tex. Crim. App. 1990). We disagree. Issues relating to the same theory may be combined
in a single appellate point “if the appellant makes separate references to the record for each
contention.” Coble v. State, 871 S.W.2d 192, 202 n.15 (Tex. Crim. App. 1993).
      In assessing the effectiveness of counsel, we apply the test set forth by the Supreme Court in
Strickland v. Washington. 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984);
Ex parte Jarrett, 891 S.W.2d 935, 938 (Tex. Crim. App. 1994). Strickland requires us to
determine whether:
(1) counsel's performance was deficient; and if so,
(2) whether there is a reasonable probability the results would have been different but for
counsel's deficient performance.
Id.
      We strongly presume that counsel's conduct lies within the "range of reasonable
representation." McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996), cert. denied,
___ U.S. ___, 117 S. Ct. 966, 136 L. Ed. 2d 851 (1997). The accused must overcome this
presumption by affirmatively showing that his representation fails the two-part test set forth in
Strickland. Id.
It is not enough for appellant to show that the errors had some conceivable effect on the
outcome of the proceedings. He must show that there is a reasonable probability that, but
for counsel’s errors, the factfinder would have had a reasonable doubt respecting guilt
and/or the [punishment assessed].
 
Id. (citation omitted). A failure to show either deficient performance or sufficient prejudice will
defeat a claim of ineffectiveness of counsel. Id.
      The ten questions which Hopkins claims are leading in nature inquired about Bower’s consent
to the assault and the extent of her resistance to it. The State suggests that only three of the ten
questions are even arguably leading.
      A leading question is one which suggests the desired answer to the question or suggests to the
witness the words to be used in answering the question. Hodges v. State, 108 Tex. Crim. 210, 299
S.W. 907, 908 (1927); Myers v. State, 781 S.W.2d 730, 733 (Tex. App.—Fort Worth 1989, pet.
ref’d).
      Rule 610(c) of the Rules of Criminal Evidence provides that counsel should not use leading
questions on direct examination except as necessary to develop a witness’ testimony. Tex. R.
Crim. Evid. 610(c). The decision to permit leading questions lies within the court’s discretion. 
Newsome v. State, 829 S.W.2d 260, 269-70 (Tex. App.—Dallas 1992, no pet.). We will not find
that the court has abused this discretion unless an appellant shows undue prejudice resulting from
the mode of questioning. Id. at 270.
      Assuming for the sake of argument that the questions of which Hopkins complains are leading
in nature, we cannot say that counsel’s failure to object to them lies outside the "range of
reasonable representation." McFarland, 928 S.W.2d at 500. If Hopkin’s counsel objected to the
form of the questions and the court sustained such objections, the State could have simply rephrased
the questions so as to avoid the leading objection. See Burnett v. State, 784 S.W.2d 510, 514 (Tex.
App.—Dallas 1990, pet. ref’d).
      Moreover, in view of the ease with which leading questions can be rephrased, counsel’s failure
to object could well have been a matter of trial strategy. Id.; accord Thomas v. State, 886 S.W.2d
388, 392 (Tex. App.—Houston [1st Dist.] 1994, pet. ref’d); Ahmadi v. State, 864 S.W.2d 776, 783
(Tex. App.—Fort Worth 1993, pet. ref’d). We will not employ hindsight to second guess tactical
decisions made by trial counsel. Solis v. State, 792 S.W.2d 95, 100 (Tex. Crim. App. 1990).
      For these reasons, we overrule Hopkins’ second point.
      Hopkins’ third point claims counsel provided ineffective assistance by inadvertently eliciting
testimony from Tarvin that Bower had bruises a few days after the assault. The sequence of
counsel’s questioning is thus:
      Counsel:      Did you see any bruises or marks?
      Tarvin:        No.
      Counsel:      Did you ever see any bruises or marks on her?
      Tarvin:        Yes.
      Counsel:      When.
      Tarvin:        A couple of days after.
      The Court of Criminal Appeals has held that the inadvertent elicitation by an accused’s counsel 
of prejudicial testimony does not entitle the accused to “relief for ineffective assistance of counsel.” 
Ingham v. State, 679 S.W.2d 503, 507 (Tex. Crim. App. 1984) (citing Ex parte Ewing, 570
S.W.2d 941, 947-48 (Tex. Crim. App. [Panel Op.] 1978)); accord Novak v. State, 837 S.W.2d
681, 684-85 (Tex. App.—Austin 1992, pet. ref’d).
      In Ewing, defense counsel was cross-examining an officer about the absence of a booking
photograph which might have contradicted other testimony about the accused’s appearance on the
night of the offense and arrest. Ewing, 570 S.W.2d at 946. The officer then surprised counsel by
explaining the defendant already had a booking photograph on file from a previous burglary arrest. 
Id.
      The court in Ewing observed that counsel was attempting to impeach prior identification
testimony and “to weaken the [S]tate’s case by showing its failure to present photographic evidence
of [the accused’s] dress on the night of the offense, evidence presumably in the State’s possession.” 
Id. at 947. Similarly, in this case Hopkins’ counsel was attempting to show that Bower was not
injured in an effort to show that Hopkins did not use physical force to compel Bower to submit to
the assault.
      Because other evidence tended to establish that Hopkins used physical force against Bower,
Hopkins has failed to establish that the jury would have had a reasonable doubt respecting his guilt
and/or sentence had his trial counsel not elicited this evidence. See McFarland, 928 S.W.2d at
500; Novak, 837 S.W.2d at 684-85. Furthermore, we will not second guess counsel’s strategic
decisions which inadvertently elicited the testimony. See Solis, 792 S.W.2d at 100; Ewing, 570
S.W.2d at 947-48. Thus we overrule Hopkins’ third point.
      We affirm the judgment.
 
 
 
                                                                               REX D. DAVIS
                                                                               Chief Justice
 
 
Before Chief Justice Davis
            Justice Cummings and
            Justice Vance
Affirmed
Opinion delivered and filed August 20, 1997
Do not publish