Charles Albert **BURNETT**, Appellant,

v.

The **STATE** of Texas, Appellee.

**Nos. 05–89–00048–CR, 05–89–00049–CR.**

Court of Appeals of Texas, Dallas.

Jan. 15, 1990.

Discretionary Review Refused
April 4, 1990.

Garland D. Cardwell, Sherman, for appellant.

Jonathan H. Kamras, Asst. County Atty., Sherman, for appellee.

Before WHITHAM, ROWE and WHITTINGTON, JJ.

## OPINION

ROWE, Justice.

A jury convicted Charles Albert Burnett of two separate offenses of aggravated robbery. The jury then assessed punishment at fifteen years' confinement for one offense and at fifty years' confinement for the other offense. In two points of error, appellant contends that his constitutional rights regarding self-incrimination and remaining silent were violated. In two other points of error, appellant argues that he was denied the effective assistance of counsel. We disagree and affirm the trial court's judgment.

The evidence, viewed in the light most favorable to the verdict, shows that appellant entered an E-Z Mart convenience store in Sherman, Texas on two separate occasions. On the first occasion, he displayed a knife, threatened the two store clerks who were present, and took money from the store's cash register. On the second occasion, only one clerk was present, and appellant displayed a knife, threatened the clerk, and took money from the store's cash register and safe.

In his first two points of error, appellant maintains that his right against self-incrimination and the corresponding right to remain silent were erroneously violated at trial. The record shows that the complaining witness, Lisa Lopez, testified that appellant made certain statements on the occasion of the first robbery. Appellant contends that, "under the guise of some purported voice identification," he was erroneously required to repeat in front of the jury some "highly prejudicial and inflammatory statements" which were made to Lopez during the robbery. Specifically, appellant was required to repeat the following phrases: "open the register," "lay down on the floor," "you fucking whores, I'll be back, I'll be back," and "don't touch that bat."

■ Although appellant suggests that the need for a voice identification concerning the first robbery was not established,

the record shows that Lopez did not get a good look at the robber as he came into the store. She also stated that she was facing away from him and that he was behind her. At other times, the robber was beside her, and Lopez testified that she could see him out of the corner of her eye. The robber then forced Lopez to lay down on the floor, and she was apparently unable to observe him as he left. Lopez was able to describe some of the robber's clothing. Following this testimony, appellant was required to repeat the statements quoted above, and Lopez thereupon identified appellant, whom she had seen in the store at times prior to the robbery, by his voice. Although the prosecutor ideally might have attempted to elicit more evidence to the effect that Lopez never got a good look at appellant, we conclude that the record is sufficient to indicate that a voice identification was necessary.

■ Even if identification by voice was warranted, appellant argues that the particular voice identification procedure used at trial was fundamentally erroneous. (There was no objection to the procedure at trial.) Appellant relies primarily on a 1942 "leading case" decided by the court of criminal appeals. *See Beachem v. State,* 144 Tex.Crim. 272, 162 S.W.2d 706 (1942). In that case, a witness to a robbery was transported to the jail to determine whether she could identify the defendant as the robber. She could not do so without hearing his voice. The defendant was required to repeat certain "curse" words, and the witness then identified the defendant as the robber. 162 S.W.2d at 708. In its original opinion, the court held that the defendant's right against self-incrimination was violated because the acts required of the defendant were "personal to the accused, requiring the exercise of his volition." *Id.* at 709. On rehearing, the court stated that a voice identification would have been proper if words had merely been spoken in conversation rather than being put into the defendant's mouth at the suggestion of the witness. *Id.* at 710. The court additionally held on rehearing that the voice identification procedure violated a statute prohibiting the use of a confession against an accused if it was obtained while he was in jail or in custody unless the confession was in writing and given after a proper warning. *Id.* at 711.

Because a decision on appellant's contentions regarding self-incrimination is relevant to his claim of ineffective assistance of counsel, we dispose of appellant's first two points of error on their merits despite the fact that appellant's counsel did not object to the voice identification procedure at trial. We determine that *Beachem* and its progeny are no longer good law, *Beachem* having been expressly overruled by the court of criminal appeals. *See Olson v. State,* 484 S.W.2d 756, 771 (Tex.Crim.App. 1972) (op. on reh'g); *see also* 1 R. RAY, TEXAS LAW OF EVIDENCE CIVIL AND CRIMINAL § 472, at 455 n. 53, 459 n. 63 (Texas Practice 3d ed. 1980) (hereinafter RAY). Under federal law, requiring an accused to speak words purportedly uttered by a robber does not constitute compulsion to utter statements of a testimonial nature. Therefore, such practice does not violate the privilege against self-incrimination. *See United States v. Wade,* 388 U.S. 218, 222–23, 87 S.Ct. 1926, 1929–30, 18 L.Ed.2d 1149 (1967); *see also United States v. Dionisio,* 410 U.S. 1, 5, 7, 93 S.Ct. 764, 767, 768, 35 L.Ed.2d 67 (1973) (compelled production of voice exemplars does not violate Fifth Amendment). Since *Beachem* has been overruled, Texas constitutional law is now apparently in accordance with federal constitutional law regarding voice identifications.[1] *Cf. Miffleton v. State,* 777 S.W.2d 76, 81 (Tex.Crim.App.1989) (for *Miranda*[2] purposes, audio portion of videotape of defendant performing sobriety tests is inadmissible only to the extent that it contains compelled testimony given in response to custodial interrogation). The Texas privi-

---

1. We note that, prior to the overruling of *Beachem,* Texas was virtually alone in following the rule announced in *Beachem. See* Annotation, *Requiring Suspect or Defendant in Criminal Case to Demonstrate Voice for Purposes of Identification,* 24 A.L.R.3d 1261, 1265–69 (1969).

2. *See Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

lege against self-incrimination, like its federal counterpart, applies to *testimonial* compulsion. *Id.* We conclude that the voice identification procedure used at appellant's trial did not violate his right against self-incrimination and the corresponding right to remain silent. The compelled statements were not testimonial in nature; they were required for identification purposes and were not relied upon as involving appellant's consciousness of the facts. *See Olson,* 484 S.W.2d at 772 n. 54; RAY § 472, at 458–59. We overrule appellant's first two points of error.

In his third and fourth points of error, appellant argues that he was erroneously convicted because he received ineffective assistance of counsel at trial. He contends that his trial counsel should have objected to the voice identification procedure used at trial. He maintains that counsel did not adequately consult with him. Appellant also argues that his counsel was ineffective because he never objected to any offer of evidence by the State and failed to object to leading questions asked by the prosecutor. He further notes that sometime after the conclusion of his trial, his counsel underwent treatment for alcohol dependency.

■■■ A defendant in a criminal case is entitled to reasonably effective assistance of counsel, regardless of whether counsel is appointed or retained. *See Ex parte Raborn,* 658 S.W.2d 602, 605 (Tex.Crim. App.1983). Under federal law, a successful claim of ineffective assistance requiring reversal of a conviction has two components. First, a defendant must establish that his counsel's performance was deficient; second, he must show that this deficient performance prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Texas has adopted the standards set forth in *Strickland. See Hernandez v. State,* 726 S.W.2d 53, 57 (Tex.Crim.App.1986). The required showing of prejudice to a defendant's defense involves establishing a reasonable probability that, but for his counsel's errors, the result of the trial would have been different. A reasonable probability is one sufficient to undermine confidence in the outcome. *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068; *Moore v. State,* 700 S.W.2d 193, 205 (Tex.Crim.App. 1985), *cert. denied,* 474 U.S. 1113, 106 S.Ct. 1167, 89 L.Ed.2d 289 (1986). In applying these standards, the adequacy of counsel's performance is judged by examining the totality of the representation rather than isolated acts or omissions of trial counsel. The test is applied as of the time of trial without the benefits of hindsight. *See Wilkerson v. State,* 726 S.W.2d 542, 548 (Tex.Crim.App.1986). The appellant has the burden of proving ineffective assistance of counsel by a preponderance of the evidence. *Moore v. State,* 694 S.W.2d 528, 531 (Tex.Crim.App.1985).

Appellant identifies several instances of alleged ineffective assistance of counsel. We first examine each allegation separately before considering the totality of the representation as we are required to do by case law.

Appellant first contends that his counsel was ineffective because he failed to object to the voice identification procedure discussed above based on his privilege against self-incrimination. We have already determined that there was no such basis for an objection; therefore, we cannot conclude that counsel's failure to object constituted deficient performance on his part. It might well be argued that appellant's counsel should have requested a limiting instruction to the jury to the effect that the statements required of appellant were for identification purposes only. On the other hand, counsel might well have determined that a request for such an instruction would be counterproductive. For example, counsel might have wanted to avoid any suggestion that the procedure was important enough in the overall scheme of things to warrant an objection. *See Williamson v. State,* 771 S.W.2d 601, 607 (Tex.App.— Dallas 1989, pet. ref'd) (objection might do more harm than good by focusing jury's attention on allegedly improper statement). In evaluating a claim of ineffective assistance of counsel, we are required to indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *See Strick-*

*land,* 466 U.S. at 689, 104 S.Ct. at 2065; *Carter v. State,* 702 S.W.2d 774, 776 (Tex. App.—Fort Worth 1986, pet. ref'd). We conclude that counsel's performance was not deficient with respect to the voice identification procedure.

■ Appellant also maintains that his trial counsel never explained to him his right to have a separate trial on each of the robberies and never provided him with any paperwork received from the county attorney's office. With respect to the allegation that appellant was never told of his right to separate trials, the record (of a hearing held on an amended motion for new trial) shows only that appellant's counsel did not recall having discussed that right with appellant. At the same hearing, appellant himself never made the allegation which he now makes on appeal.[3] We therefore determine that the record provides an insufficient basis for this specific claim by appellant. *See Ex parte McWilliams,* 634 S.W.2d 815, 819 (Tex.Crim.App.1980) (allegations of ineffective assistance will be sustained only if firmly founded and affirmatively demonstrated by record). As to appellant's assertion that he was never provided with paperwork received from the county attorney's office, the record shows that this allegation was contradicted by appellant's attorney. Furthermore, appellant makes no attempt to show how his defense was prejudiced by this instance of alleged ineffectiveness, nor are we willing to speculate on the subject. We do not find that the result of appellant's trial would have been different had he been provided with the desired paperwork. *See Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068; *Moore,* 700 S.W.2d at 205. Thus, regarding consultation as to separate trials and the alleged failure to provide paperwork from the county attorney's office, we determine that appellant has failed to show that his counsel was ineffective.

■ Appellant also argues that his trial counsel was ineffective because he never objected to the offer of any evidence by the State and because he "continually" allowed the prosecutor to lead the State's witnesses. The record does show that appellant's counsel never interposed an objection during trial. However, we have examined the entire record, and we are unable to identify much that occurred that was arguably objectionable. As noted previously, the voice identification procedure was not objectionable under current law. There were instances when the prosecutor asked leading questions of the State's witnesses, but we do not regard any of the corresponding failures to object, viewed singly or collectively, as particularly serious, especially in view of the fact that such questions can generally be easily rephrased, thereby allowing the eventual elicitation of the desired testimony. Also, counsel could have made a considered decision not to object because such objections might be viewed unfavorably by the jury. With the exception of appellant's general complaint about the failure to object to leading questions and his complaint about the voice identification, appellant does not specify the other objections that he claims should have been made.[4] It goes without saying that appellant has not shown the required element of harm with respect to these alleged, but unspecified, deficiencies. In order to overcome the strong presumption that an attorney's conduct fell within the wide range of reasonable professional assistance, the defendant must *identify specific acts or omissions* of counsel that were not the result of reasonable professional judgment. *Grant v. State,* 696 S.W.2d 74, 77 (Tex.App.—Houston [1st Dist.] 1985, pet. ref'd); *see Strickland,* 466 U.S. at 690, 104 S.Ct. at 2066.

---

3. With the exception of appellant's complaints regarding the voice identification at trial, appellant's brief contains no references to the record regarding the facts on which his arguments are based, even though such references are required by the rules of appellate procedure. *See* Tex.R. App.P. 74(f).

4. Because appellant has not provided the required references to the record, we are not inclined to compile an exhaustive list of all conceivable errors committed by appellant's counsel. As noted below, however, we have examined the entire record in search of the kinds of deficiencies associated with successful claims of ineffective assistance of counsel.

We determine that appellant has failed to meet his burden of showing that his trial counsel was ineffective for failing to object to leading questions or to other unspecified improprieties.

█ Finally, appellant contends that he received ineffective assistance of counsel because his attorney underwent treatment for alcohol dependency sometime after the trial. This contention lacks merit for a number of reasons. First of all, no attempt has been made to establish a causal connection between his counsel's apparent dependency and the alleged ineffective assistance. Second, appellant, who was certainly in a position to do so, never made any allegations on the record suggesting a connection between trial counsel's dependency and any alleged deficiencies in representation. Third, the record indicates that any alcohol dependency was not a factor during counsel's representation of appellant. At the hearing on appellant's amended motion for new trial, the court-appointed investigator who worked with appellant's trial counsel testified that he and appellant's attorney worked well preparing for the case. The investigator did suggest that counsel had not properly made use of appellant's alibi defense, but he also admitted that he was not present during presentation of the defense at trial. At another point during the hearing, the investigator testified that he had no problems with appellant's attorney. He also stated that he did not observe any intoxication during the trial (the investigator did testify during the trial). Appellant's counsel testified that he was not intoxicated during the trial. He stated that he adequately prepared appellant's defense and that he believed he had a good factual understanding of the alibi defense. Appellant, who also testified at the hearing, said nothing about any alcohol-related problems. The mere fact that appellant's counsel was treated for alcohol dependency is, without more, obviously insufficient to satisfy appellant's burden based on *Strickland*. Based on the foregoing, we determine that appellant has failed to demonstrate ineffective assistance of counsel based on alcohol dependency. *Cf. Gray v. State*, 477 S.W.2d 635, 638 (Tex.Crim. App.1972) (absent a showing that representation was adversely affected by counsel's illness, denial of continuance was not error).

█ Because we are required to measure the adequacy of trial counsel's performance by examining the totality of the representation, we have inspected the entire record. *See Wilkerson*, 726 S.W.2d at 548. We note that appellant's counsel questioned the prospective jurors. He established that appellant's fingerprints were not found on surfaces within the store. He attempted to show that one of the store clerks had identified someone other than appellant (apparently based on information obtained by the defense investigator). Counsel attempted to impeach the complainant's identification of appellant, based on the fact that the complainant had described the robber as having big ears. He established that, during the relevant time periods, internal thefts from the store were suspected. He also established that although the complainant had seen appellant before, she had never seen the car that was allegedly involved. He called the defense investigator as a witness in order to impeach one witness's identification of appellant and establish that another witness was unable to identify appellant. He called a number of alibi witnesses who testified that appellant was in Houston at the times of the robberies. During jury argument, appellant's counsel suggested that appellant had been misidentified, and he talked about the alibi testimony. At the punishment phase of the trial, he argued for a low range of punishment.

In our view, appellant has not established the elements of a successful claim of ineffective assistance of counsel. When viewed in its entirety, with the proper degree of deference necessary to eliminate the distorting effects of hindsight, the representation provided to appellant is shown to have been reasonably effective assistance of counsel. *See Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065; *Ingham v. State*, 679 S.W.2d 503, 509 (Tex.Crim.App.1984). We therefore overrule appellant's third and fourth points of error.

We affirm the judgment of the trial court.