



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

FLORENCIO SOTO, Appellant

No. 05-96-00966-CR            V.

THE STATE OF TEXAS, Appellee

Appeal from the 194th Judicial District Court of Dallas County, Texas. (Tr.Ct.No. F96-44041-KM).
Opinion delivered by Justice Moseley, Justices James and Wright participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered July 24, 1998.

_____
JIM MOSELEY
JUSTICE

**AFFIRM and Opinion Filed July 24, 1998**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

---

## No. 05-96-00966-CR

---

### FLORENCIO SOTO, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 194th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F96-44041-KM**

---

## O P I N I O N

Before Justices James, Wright, and Moseley
Opinion By Justice Moseley

Florencio Soto appeals his conviction for possession of over four hundred grams of cocaine with intent to deliver. After the jury found appellant guilty, the trial court assessed a thirty-five year sentence. In four points of error, appellant contends (1) the trial court erred in admitting certain evidence; (2) the trial court erred by overruling appellant's objections to the prosecutor's closing argument; and (3) he received ineffective assistance

of counsel at trial. We affirm the trial court's judgment.

## FACTUAL BACKGROUND

A confidential informant, Syed Ahmed, working with the Dallas Police Department, arranged to purchase a kilo of cocaine on March 1, 1996. Officer Catherine De LaPaz arranged police surveillance of the drug purchase. De LaPaz, driving an unmarked police car, parked near the liquor store where the transaction was to occur. She saw appellant and another person arrive in a red Nissan and park in front of the liquor store. Appellant was driving. Appellant got out of the car and entered the liquor store. He quickly returned with something in his hand. Appellant went to a pickup truck parked near the liquor store and unlocked the passenger door. He returned to the Nissan, reached behind the driver's seat, and pulled out a twelve-pack carton of Coca Cola. Carrying the Coca Cola carton, appellant went back to the pickup truck, placed the carton behind the passenger seat, and re-locked the door. Appellant returned to the Nissan, got back in the driver's seat, and circled the parking lot. Finally, appellant stopped the Nissan near a pay telephone. Appellant got out of the car and stood by the pay telephone. The passenger moved to the driver's seat and parked the red Nissan in front of the pawnshop next door to the liquor store.

Ahmed arrived and went into the liquor store. One or two minutes later, Ahmed returned to his car and moved it close to the pickup truck. Another man, later identified as Steve Castellano, came out of the liquor store and went to the pickup truck, followed by

-2-

appellant. Appellant unlocked the passenger door of the pickup truck, retrieved the Coca Cola carton, and handed it to Castellano. Castellano took the carton and got in Ahmed's vehicle on the passenger side. Ahmed saw two large ziplock bags containing a white material inside the Coca Cola carton. After he checked one of the bags to be certain that it contained cocaine, he gave De LaPaz a prearranged signal. The police moved in and arrested everyone at the scene. During a pat down search of appellant pursuant to his arrest, the police found a magazine clip in appellant's left front pocket, loaded with ten live rounds of nine millimeter ammunition. Police also found an unloaded handgun on the front passenger seat of the red Nissan. The magazine clip found on appellant fit the handgun found in the Nissan.

## ADMISSION OF GUN

In his first point of error, appellant contends the trial court erred in admitting the gun found in his car into evidence. Specifically, appellant asserts the gun was irrelevant because there is no evidence he used it during the drug transaction. Thus, appellant argues his possession of the gun is merely an unrelated extraneous offense and any probative value was substantially outweighed by the danger of unfair prejudice. We disagree.

The trial court has broad discretion to admit or exclude evidence.[1] This Court will

---

[1] *See Montgomery v. State*, 810 S.W.2d 372, 389 (Tex. Crim. App. 1991) (op. on reh'g); *McIntosh v. State*, 855 S.W.2d 753, 769 (Tex. App.--Dallas 1993, pet. ref'd) (op. on reh'g).

-3-

reverse a trial court's evidentiary ruling only if an abuse of discretion is shown.[2] An abuse of discretion occurs when the trial court's ruling is outside the zone of reasonable disagreement.[3]

Under the Texas Rules of Criminal Evidence, evidence of "other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith."[4] Such evidence is admissible, however, for other purposes, including, but not limited to, proof of motive, opportunity, intent, preparation, plan, knowledge, identify, or absence of mistake or accident.[5] Thus, such evidence is admissible when it "has relevance apart from character conformity; when it tends to establish some elemental fact, such as identity or intent; when it tends to establish some evidentiary fact, such as motive, opportunity or preparation, leading inferentially to an elemental fact; or when it rebuts a defensive theory by showing, e.g., absence of mistake or accident."[6] Extraneous offense evidence is admissible if it is relevant, that is, if the evidence has any tendency to make the existence of any fact that is of consequence to the determination of the action more

---

[2] *Montgomery*, 810 S.W.2d at 392.

[3] *Id.* at 391.

[4] Tex. R. Crim. Evid. 404(b) (former rules). This case was tried and briefed before March 1, 1998, when the Texas Rules of Evidence took effect. In its February 25, 1998 order of final approval, the court of criminal appeals ordered that the amended rules apply to all proceedings on or after March 1, 1998. Therefore, we apply the former rules, and all references are to the former rules.

[5] *Id.*; *Bishop v. State*, 869 S.W.2d 342, 345-46 (Tex. Crim. App. 1993).

[6] *Montgomery*, 810 S.W.2d at 387-88.

probable or less probable than it would be without the evidence,[7] and if its probative value is not substantially outweighed by the danger of unfair prejudice.[8]

We conclude the trial court did not abuse its discretion in admitting the gun into evidence. To prove appellant possessed the cocaine with intent to deliver, the State had to show appellant exercised actual care, custody, control, or management over the contraband and that the accused knew the matter possessed was contraband.[9] Appellant contended during trial that he could not see in the Coca Cola carton and therefore did not know it contained cocaine. Evidence that appellant had a gun (and ammunition) to protect himself was relevant to the issue of whether he knew he was carrying valuable contraband, *i.e.*, the cocaine.[10] We conclude the trial court did not abuse its discretion in determining that evidence of appellant's possession of a gun was relevant.

We next consider whether the trial court abused its discretion in concluding that the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice. In conducting this balancing test, the trial court should first consider how compellingly the evidence serves to make more or less probable a fact of consequence.[11]

---

[7] TEX. R. CRIM. EVID. 401.

[8] TEX. R. CRIM. EVID. 403; *see Jannise v. State*, 789 S.W.2d 623, 627 (Tex. App.--Beaumont 1990, pet. ref'd).

[9] *Guiton v. State*, 742 S.W.2d 5, 8 (Tex. Crim. App. 1987); *Porter v. State*, 873 S.W.2d 729, 732 (Tex. App.--Dallas 1994, pet. ref'd).

[10] *See* TEX. R. CRIM. EVID. 404(b); *Martin v. State*, 823 S.W.2d 726, 729 (Tex. App.--Waco 1992, pet. ref'd).

[11] *See Montgomery*, 810 S.W.2d at 389-90.

This inquiry involves an analysis of the similarity of the extraneous offense to the charged offense and the relative strength of the evidence showing appellant committed the extraneous offense.[12] Next, the trial court should weigh the potential of the extraneous offense evidence to impress the jury in some "irrational but nevertheless indelible way."[13] Finally, the court must examine the proponent's need for the evidence of the extraneous offense.[14] The proponent's need is based on (1) whether there is other evidence to establish the necessary fact, (2) if so, how strong that evidence is, and (3) whether the fact relates to a disputed issue.[15] Generally, rule 403 favors admission of relevant evidence.[16]

As discussed above, evidence that appellant possessed a gun was highly probative of whether appellant knew the Coca Cola carton contained cocaine. We conclude that evidence appellant merely possessed the gun did not have the potential to impress the jury in an irrational but nevertheless indelible way. Moreover, the State needed the evidence to rebut appellant's assertion that he did not know the Coca Cola carton contained cocaine. Thus, the extraneous offense evidence related to a material disputed fact issue in the case. We conclude the trial court did not abuse its discretion in concluding the probative value of

---

[12] *Id.* at 390.

[13] *See id.*

[14] *See id.*

[15] *See id.*

[16] *Id.* at 389.

the extraneous offense evidence was not substantially outweighed by the danger of unfair prejudice. We overrule appellant's first point of error.

## JURY ARGUMENT

In his second and third points of error, appellant argues that the trial court erred in overruling his objections to the prosecutor's statements during closing arguments. Proper jury argument must fall within one of the following categories: (1) summation of the evidence; (2) reasonable deductions from the evidence; (3) response or answer to opposing counsel's argument; and (4) pleas for law enforcement.[17]

In his second point of error, appellant contends the trial court erred in overruling his objection to the prosecutor's following argument:

> But what I would submit to you folks is that as in the course of your deliberations when you begin to talk about the issue of guilt in this case, you first start with the question, and you are required to start with the question of what is in the indictment; and that is, that the defendant is charged with possession with intent to deliver. Before you start to debate or even question the idea of a straight possession, merely possession, you must agree that the defendant is not guilty of the offense of possession with intent to deliver; that is, you must believe that he did not have that intent before you start to discuss the issue of straight possession.

Appellant objected, arguing that "[t]here is no requirement in the jury charge that they acquit my client first of possession with intent to deliver before they can decide whether

---

[17] *Borjan v. State*, 787 S.W.2d 53, 55 (Tex. Crim. App. 1990); *Alejandro v. State*, 493 S.W.2d 230, 231 (Tex. Crim. App. 1973).

or not he is guilty beyond a reasonable doubt of possession." The trial court did not expressly rule on this objection, but instructed the jury to follow the charge.

In his brief, appellant concedes that the language of the jury charge supports the prosecutor's argument. The application paragraph in the charge instructed the jury that if it did not find the elements of possession of more than four hundred grams of cocaine with intent to deliver, it should "acquit [appellant] of the offense of possession with intent to deliver cocaine and proceed to consider whether [appellant] is guilty of the lesser included offense" of possession of cocaine.

It is not error for the State to quote or paraphrase the jury charge.[18] Conversely, argument that contains a statement of law contrary to the court's charge is error.[19] Assuming, without deciding, that appellant properly preserved his complaint, the State's argument was not contrary to the jury charge and was therefore proper. Accordingly, the trial court did not err in overruling appellant's objection. We overrule appellant's second point of error.

In his third point of error, appellant contends the trial court erred by overruling his objection to the State's closing argument in which the State characterized appellant as a "supplier" of drugs. The State is allowed wide latitude in drawing inferences from the

_____

[18] *Whiting v. State*, 797 S.W.2d 45, 48 (Tex. Crim. App. 1990).

[19] *Id.; see also Branson v. State*, 825 S.W.2d 162, 167 (Tex. App.--Dallas 1992, no pet.).

evidence so long as such inferences are reasonable and offered in good faith.[20]  However, reference to facts that are neither in evidence nor inferable from the evidence is improper.[21] Here, the jury heard evidence that appellant brought a large quantity of cocaine to the place where the sale was to be made.  The State's characterization of appellant as a "supplier" is a reasonable deduction from the evidence of appellant's involvement in the drug transaction.[22]  Thus, the trial court correctly overruled appellant's objection.  We overrule appellant's third point of error.

## INEFFECTIVE ASSISTANCE OF COUNSEL

In his fourth point of error, appellant contends he received ineffective assistance of counsel.  We examine ineffective assistance of counsel claims during the guilt-innocence stage of trial by the standard set out in *Strickland v. Washington*[23] and adopted by the Texas Court of Criminal Appeals in *Hernandez v. State*.[24]  To prevail on such a claim, an appellant must first show his counsel's representation fell below an objective standard of reasonableness.[25]  The appellant must then show a reasonable probability that a different

[20] *Coble v. State*, 871 S.W.2d 192, 205 (Tex. Crim. App. 1993), *cert. denied*, 513 U.S. 829 (1994).

[21] *Borjan*, 787 S.W.2d at 56.

[22] *See Soto v. State*, 810 S.W.2d 861, 865 (Tex. App.--Fort Worth 1991, pet. ref'd) (argument that defendant was "drug dealer" was reasonable deduction from evidence that he possessed drug manufacturing paraphernalia).

[23] 466 U.S. 668 (1984).

[24] 726 S.W.2d 53, 57 (Tex. Crim. App. 1986).

[25] *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994); *Hernandez*, 726 S.W.2d at 55.

outcome would have resulted but for his trial counsel's unprofessional errors.[26]  A reasonable probability is one sufficient to undermine confidence in the outcome.[27]

We do not judge counsel's trial decisions in hindsight.[28]  We strongly presume counsel's competence.[29]  An appellant can rebut this presumption by showing his attorney's representation was unreasonable under prevailing professional norms, and the challenged action was not sound trial strategy.[30]  That another attorney might have pursued a different course of action does not necessarily indicate ineffective assistance.[31]  In reviewing an ineffectiveness complaint, we examine the totality of counsel's representation to determine whether appellant received effective assistance of counsel.[32]  An appellant must prove ineffective assistance of counsel by a preponderance of the evidence.[33]

Appellant asserts that his trial counsel's failure to object in a timely manner or to

---

[26] *Jackson,* 877 S.W.2d at 771; *Hernandez,* 726 S.W.2d at 55.

[27] *Jackson,* 877 S.W.2d at 771; *Hernandez,* 726 S.W.2d at 55.

[28] *See Miniel v. State,* 831 S.W.2d 310, 323 (Tex. Crim. App.), *cert. denied,* 506 U.S. 885 (1992) (stressing need to avoid "distorting effects of hindsight").

[29] *Weeks v. State,* 894 S.W.2d 390, 391 (Tex. App.--Dallas 1994, no pet.).

[30] *Jackson,* 877 S.W.2d at 771; *see Miniel,* 831 S.W.2d at 323.

[31] *See Hawkins v. State,* 660 S.W.2d 65, 75 (Tex. Crim. App. 1983).

[32] *Butler v. State,* 716 S.W.2d 48, 54 (Tex. Crim. App. 1986); *Burnett v. State,* 784 S.W.2d 510, 513 (Tex. App.--Dallas 1990, pet. ref'd).

[33] *Moore v. State,* 694 S.W.2d 528, 531 (Tex. Crim. App. 1985).

obtain rulings from the trial court constituted ineffective assistance of counsel. Specifically, appellant points to counsel's failure to (1) object to the introduction of the magazine and bullets into evidence, (2) obtain a ruling on her objection to the State's argument that the jury must first decide appellant was not guilty of possession with intent to deliver before it considered the offense of mere possession, and (3) timely object to the State's characterization of appellant as a "supplier" of drugs. Because we have already concluded that the gun was admissible, it necessarily follows that the trial court would have properly overruled an objection to admission of the magazine and bullets. Likewise, because the prosecutor's jury argument was proper, the trial court would have overruled any earlier objection. We conclude appellant's attorney was not ineffective for failing to make meritless objections.[34]

Appellant also argues counsel was ineffective for failing to object to the portion of the jury charge instructing the jury to consider the greater offense first. We note appellant does not contend on appeal that he was egregiously harmed by the charge.[35] Moreover, appellant concedes that courts have recognized conviction of a lesser included offense necessarily acquits the person of the greater offense by operation of law.[36] Therefore, an instruction directing the jury to first acquit the defendant of the greater charge before

---

[34] See *Ellis v. State*, 722 S.W.2d 192, 198 (Tex. App.--Dallas 1986, no pet.).

[35] See *Almanza*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g).

[36] See, e.g., *Sample v. State*, 629 S.W.2d 86, 88 (Tex. App.--Dallas 1981, no pet.).

-11-

considering the lesser is not contrary to the law.[37] Thus, the trial court would have properly overruled an objection to the jury charge on this ground. Under these circumstances, we conclude counsel was not ineffective for failing to object to the jury charge.[38]

Our review of the entire record shows trial counsel developed a viable defense that appellant did not know that the substance in the Coca Cola carton was cocaine, filed appropriate pretrial motions (including a motion in limine and a motion to suppress evidence), and effectively cross examined the State's witnesses. The fact that the jury did not believe appellant's version of the facts does not mean that his trial attorney was ineffective.[39] Having reviewed the entire record, we conclude trial counsel's overall representation of appellant does not show appellant received ineffective assistance of counsel. Moreover, appellant has not demonstrated that the result of the proceeding would have been different but for counsel's alleged deficiencies. Accordingly, we overrule appellant's fourth point of error.

---

[37] See Tenner v. State, 763 S.W.2d 877, 883-84 (Tex. App.--Fort Worth 1988, pet. ref'd) (trial court may instruct jury they must acquit defendant of greater charge before considering lesser charge).

[38] See Ellis, 722 S.W.2d at 198.

[39] See Hernandez v. State, 799 S.W.2d 507, 509 (Tex. App.--Corpus Christi 1990, pet. ref'd).

We affirm the trial court's judgment.

_____
JIM MOSELEY
JUSTICE

Do Not Publish
Tex. R. App. P. 47.3
960966F.U05