**AFFIRMED and Opinion Filed March 17, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-01512-CR

### EX PARTE JOHN KENT MATHIS

**On Appeal from the 382nd Judicial District Court**
**Rockwall County, Texas**
**Trial Court Cause No. 2-11-217-C**

## MEMORANDUM OPINION
Before Justices Francis, Lang-Miers, and Whitehill
Opinion by Justice Francis

John Kent Mathis appeals the trial court's order denying his application for writ of habeas corpus. In seven issues, appellant asserts the trial court erred in denying relief upon his application because his conviction resulted from perjured testimony, prosecutorial misconduct, ineffective assistance of counsel, violation of his constitutional right to confront his accuser, and misuse of governmental power. Appellant further contends his appeal bond was excessive and the trial court imposed certain conditions of community supervision to trigger probation violations. We affirm the trial court's order.

A jury convicted appellant of sexual assault and set punishment at ten years in prison, recommended a probated sentence, and assessed a $10,000 fine. This Court modified the conditions of community supervision to delete a condition requiring appellant to pay monitoring fees and affirmed the conviction. *See Mathis v. State*, 397 S.W.3d 332, 342 (Tex. App.—Dallas 2013), r*ev'd in part*, 424 S.W.3d 89 (Tex. Crim. App. 2014). The court of criminal appeals affirmed the conviction but remanded the case to the trial court for a determination of whether

appellant could pay the contested monitoring fees. *See Mathis v. State*, 424 S.W.3d 89, 97–98 (Tex. Crim. App. 2014).

After the court of criminal appeals issued its mandate, appellant filed an application for writ of habeas corpus. After conducting a hearing, the trial court denied the application. In written findings of fact and conclusions of law, the trial court concluded six of appellant's seven grounds for relief were not cognizable because they could have been brought in his direct appeal of the conviction. In the seventh ground, ineffective assistance of counsel, the trial court concluded appellant failed to meet the test for ineffectiveness and specifically failed to show how his trial outcome would have been different but for trial counsel's alleged ineffectiveness. The trial court also concluded the State did not offer perjured testimony as appellant alleged. Appellant, appearing pro se, appeals the trial court's order denying his application, raising seven issues that, with a few changes, mirror the grounds for relief he brought in his habeas application. We interpret appellant's issues on appeal as contentions that the trial court abused its discretion in determining he was not entitled to relief on his habeas application.

An applicant for habeas corpus relief must prove his claim by a preponderance of the evidence. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). In reviewing the trial court's order, we view the facts in the light most favorable to the trial court's ruling, and we uphold the ruling absent an abuse of discretion. *Id*. In post-conviction habeas proceedings arising out of cases where the applicant received community supervision, the trial judge is the sole finder of fact. *State v. Guerrero*, 400 S.W.3d 576, 583 (Tex. Crim. App. 2013). A court reviewing the trial court's fact findings affords almost total deference to findings supported by the record, especially when those findings are based upon credibility and demeanor. *Id.* This deferential review applies even if the trial court's findings are based on affidavits rather than live testimony. *Id*. If the resolution of the ultimate question turns on an application of legal

standards, we review the determination de novo. *Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003) (per curiam), *overruled on other grounds by Ex parte Lewis*, 219 S.W.3d 335 (Tex. Crim. App. 2007).

We agree with the trial court that appellant's first, third, sixth, and seventh grounds for relief could have been brought on direct appeal and are, therefore, not cognizable in habeas corpus proceedings. In those grounds, appellant contended his conviction was based on perjured testimony by the complainant; the trial court denied his constitutional right to confront his accuser; and the prosecution committed misconduct by offering known perjured testimony, ignoring evidence that the complainant's outcry was false, limiting its pretrial investigation, causing an excessive appeal bond to issue, overriding the "appeal verdict," misusing governmental power, and misusing the DNA evidence in the case.

Article 11.072 of the code of criminal procedure establishes the procedures for a writ application "in a felony or misdemeanor case in which the applicant seeks relief from an order or a judgment of conviction ordering community supervision." TEX. CODE CRIM. PROC. ANN. art. 11.072, § 1 (West Supp. 2014). Relief is not available under the statute "if the applicant could obtain the requested relief by means of an appeal under Article 44.02 and Rule 25.2, Texas Rules of Appellate Procedure." *Id*. at § 3(a). Generally, habeas corpus cannot be used to assert claims that could have been asserted on direct appeal. *Ex parte Cruzata*, 220 S.W.3d 518, 520 (Tex. Crim. App. 2007). Likewise, generally, matters raised and rejected on direct appeal are not cognizable in habeas proceedings unless (1) the record is inadequate to evaluate the claim on direct appeal and (2) the claim might be substantiated through additional evidentiary investigation in a habeas corpus proceeding. *Ex parte Nailor*, 149 S.W.3d 125, 131 (Tex. Crim. App. 2004).

–3–

Appellant had the opportunity to raise all four of these issues on direct appeal. Appellant did raise his confrontation claim on direct appeal, and he partially raised his perjury and prosecutorial misconduct allegations by contending the evidence was legally insufficient due to contradictions between the complainant's testimony and the scientific evidence. *See Mathis*, 397 S.W.3d at 336–37. Additionally, in his sixth issue—contending his constitutional right to confront his accuser was denied—appellant attempts to expand the scope of his complaint beyond what he alleged in his habeas application. Appellant may not raise new issues on appeal that he did not bring before the trial court in his writ application. *Ex Parte Evans*, 410 S.W.3d 481, 485 (Tex. App.—Fort Worth 2013, pet. ref'd).

Within appellant's third issue—alleging prosecutorial misconduct—he contends the State's decision to appeal this Court's determination to delete a condition of community supervision "overrode [the] appeal verdict." Although this contention would not have been available for direct appeal, it provides no basis for habeas relief. The State has a right to appeal to the court of criminal appeals an adverse judgment by this Court. *See* TEX. R. APP. P. 68.1.

We conclude the trial court did not abuse its discretion in concluding issues one, three, six, and seven were not cognizable and we overrule them.

In his second issue, appellant contends he was convicted upon the false testimony of the complainant's mother and the embellished testimony of the sexual assault nurse examiner who interviewed the complainant after the offense. Appellant points to telephone records he obtained after trial contradicting the mother's trial testimony that she had not spoken with the complainant on the night before the assault and various other conflicts between the mother's testimony and the testimony of the complainant and another witness. Appellant contends the videotape of the complainant's forensic interview does not support the nurse examiner's testimony that the complainant had "teared up" during the interview.

–4–

We agree with the trial court that appellant's complaint about perjury and embellishment by the witnesses should have been brought on direct appeal. *See Cruzata*, 220 S.W.3d at 520. We address appellant's second issue separately only because of his claim that the telephone records constitute new evidence acquired after trial that was unknown to the jury.

Claims of actual innocence based upon newly discovered evidence are cognizable in post-conviction writs of habeas corpus. *Ex parte Brown*, 205 S.W.3d 538, 544 (Tex. Crim. App. 2006). "Newly discovered evidence" means evidence that was not known to the applicant at the time of trial and could not have been discovered even with the exercise of due diligence. *Id*. at 545. To establish a bare claim of actual innocence is a "Herculean task" requiring "an exceedingly persuasive case that [the applicant] is actually innocent." *Id*.

We are not persuaded that mother's telephone records constitute newly discovered evidence. The telephone records, reflecting calls made over a year before trial, could have been discovered with the exercise of reasonable diligence and their importance evaluated prior to trial. Furthermore, an inconsistency regarding a collateral event such as the telephone calls does not, in our view, establish an exceedingly persuasive case that appellant is actually innocent. *See id*. We overrule appellant's second issue.

In his fifth issue, appellant contends his appeal bond was set excessively high in order to pressure him to give up his right to appeal and the trial court is using its power to set conditions of community supervision to take advantage of his indigence and disabilities to trigger a violation of community supervision grounded on his inability to pay various fees. The trial court concluded the issue of appellant's bond was not cognizable. We agree although not for the reason the trial court posited.

A post-conviction writ application under article 11.072 must challenge the legal validity of either the conviction or the conditions of community supervision. *See* TEX. CODE CRIM.

PROC. ANN. art. 11.072, § 2(b) (West. Supp. 2014). A challenge to appellant's appeal bond does not fall within the ambit of the statute. Moreover, because appellant is now serving his community supervision, the propriety of his bond is moot. *See Murphy v. Hunt*, 455 U.S. 478, 481–82 (1982) (conviction rendered claim to pretrial bail moot); *Taylor v. State*, 676 S.W.2d 135, 136 (Tex. Crim. App. 1984) (per curiam op.) (dismissing appeal of order denying bail on ground appellant had either been afforded trial or order had been automatically set aside).

Because appellant did not raise in his writ application his contention regarding the conditions of community supervision, this complaint is not reviewable on appeal. *Evans*, 410 S.W.3d at 485. Moreover, an applicant under article 11.072 may challenge a condition of community supervision only on constitutional grounds. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072, § (3)(c) (West Supp. 2014). We overrule appellant's fifth issue.

In his fourth issue, appellant contends he received ineffective assistance of counsel at trial. To obtain habeas corpus relief on the ground of ineffective assistance of counsel, appellant must show (1) counsel's performance fell below an objective standard of reasonableness; and (2) a reasonable probability exists that, but for counsel's errors, the result would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984); *Ex parte Bryant*, 448 S.W.3d 29, 39–40 (Tex. Crim. App. 2014). Appellant bears the burden of proving counsel was ineffective by a preponderance of the evidence. See *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). To satisfy his burden under the first prong of the test, appellant must overcome a strong presumption that counsel's performance fell within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Our review must be highly deferential to trial counsel and avoid the deleterious effects of hindsight. *Id*. at 689. We presume trial counsel's performance conformed to prevailing professional norms and that the challenged actions might be part of a sound trial strategy. *Bryant*, 448 S.W.3d at 39. Trial

counsel should ordinarily be given the opportunity to explain his actions. *Menefield v. State*, 363 S.W.3d 591, 593 (Tex. Crim. App. 2012). When trial counsel is not afforded the opportunity to explain, the reviewing court finds counsel's performance deficient only if the conduct was so outrageous that no competent attorney would have engaged in it. *Id*.

Under the second prong of the test, a reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 694. It is not sufficient for appellant to show the errors had some conceivable effect on the outcome of trial; he must show that absent the errors, there is a reasonable probability the jury would have had reasonable doubt about his guilt. *Perez v. State*, 310 S.W.3d 890, 894 (Tex. Crim. App. 2010) (citing *Strickland*, 466 U.S. at 693, 695).

Appellant contends trial counsel was extremely ill both before and during trial and, as a result, failed to make appropriate objections, presented no expert witnesses to bolster appellant's defensive theory, and failed to introduce the complainant's forensic interview into evidence. To prevail on his claim of ineffectiveness, appellant would need to show a causal connection exists between trial counsel's alleged illness and the alleged ineffective assistance and that the illness was a factor in trial counsel's representation. *See Burnett v. State*, 784 S.W.2d 510, 515 (Tex. App.—Dallas 1990, pet. ref'd).

The record does not support appellant's contention that trial counsel rendered ineffective assistance due to illness. The trial court's docket sheet reflects appellant's case was set for trial on July 25, 2011. On July 13, 2011, trial counsel filed a motion for continuance in which he represented he was "unable to adequately prepare [appellant's] defense, due to a medical complication that he is still recovering from." After conducting a hearing on the motion, the trial court rescheduled appellant's trial for September 12, 2011. The record contains transcriptions of two pretrial hearings conducted after the continuance. Trial counsel did not mention his medical

condition at either pretrial hearing nor did he request another continuance. Trial counsel was not called to testify at the habeas hearing nor is there any indication he was asked to provide an affidavit. The only other references in the record to trial counsel's illness come from appellant's argument during the habeas hearing wherein he alleged trial counsel "had a catheter removed about a week" before trial and did not handle any subsequent cases for the trial court as a court-appointed attorney. No evidence was admitted to support appellant's allegations.

In addition to not showing that trial counsel was ill during trial, appellant has also not shown that trial counsel rendered ineffective assistance in accord with either prong of *Strickland*. Appellant first complains trial counsel "objected approximately twice during trial though many objections were warranted." Appellant does not explain what objections should have been made in his view or when trial counsel should have made them. Appellant states only that the failure to object "kept the jury from considering" three areas of evidence: (1) the complainant's recent mental health treatment; (2) the complainant's previous "false" accusation that she had been sexually assaulted by a teenaged boy; and (3) the defense's view that the complainant's accusation against appellant was fabricated to stop appellant from reporting to police the alleged prior sexual assault by the teenaged boy.

The trial court barred evidence of the complainant's mental health treatment on two grounds: that appellant failed to timely file a business records affidavit for the mental health records and that the complainant's treatment—hospitalization for a few days for treatment of depression and an attempted suicide—was not relevant. *See* TEX. R. EVID. 401–402, 902(10)(a).

Even if we assume trial counsel's failure to timely file the business records affidavit violated professional norms, appellant does not show the mental health records were relevant and admissible. The Court has already discussed on direct appeal its view that the trial court did not abuse its discretion in excluding evidence of the complainant's mental health treatment, and

appellant offers no additional argument or evidence to persuade the Court to revisit its earlier conclusion. *See Mathis*, 397 S.W.3d at 339–40.

Regarding the alleged sexual assault involving the teenaged boy, the record shows the State filed a motion in limine regarding the complainant's sexual history and the trial court apparently granted it during an unrecorded pretrial hearing. After voir dire, the trial court conferred with counsel at the bench to clarify the trial court's evidentiary rulings in light of trial counsel's decision to subpoena the teenaged boy as a possible witness. The trial court indicated the parties could elicit testimony to show the incident happened and that the complainant did not want to report it, but the trial court viewed the details of the sexual assault to be a collateral matter and told counsel they could not "go into that." Trial counsel did not object to the trial court's ruling, but did cross-examine the complainant about the earlier alleged sexual assault to reveal to the jury that the complainant's accusation was communicated to appellant on the day of the current offense, that appellant had become angry and insisted that the assault be reported to the police the next day, and that the complainant did not want him to go to the police.

The record does not show trial counsel was given an opportunity to explain why he did not raise additional challenges to the trial court's determination to limit evidence about the earlier sexual assault accusation. On a silent record, we cannot conclude appellant has shown that trial counsel's failure to challenge the trial court's evidentiary ruling was so outrageous that no competent attorney would have engaged in it. *See Menefield*, 363 S.W.3d at 593.

Appellant next faults trial counsel for not calling expert witnesses to buttress the defense argument that there were alternative explanations other than sexual assault to explain why appellant's spermatozoa was recovered from the complainant's anus during her sexual assault examination. The record shows trial counsel requested and received permission and funding to hire experts in forensic and clinical psychology and forensic DNA testing and to hire an

investigator. The trial court entered an order to make the DNA evidence available to the defense's DNA expert. Trial counsel filed an expert witness designation listing two individuals who would provide expert testimony at trial. During the pretrial hearing, there was a discussion about appellant's hired DNA expert being allowed to examine the DNA evidence against appellant. The record is silent regarding why the designated experts were not called to testify. On a silent record, we will not presume trial counsel did not have sound strategic reasons for not calling the expert witnesses. *See Bryant*, 448 S.W.3d at 39; *see also Perez*, 310 S.W.3d at 894 (no showing of ineffective assistance for failing to call witness absent showing witness was available and defendant would benefit from witness's testimony).

Finally, appellant contends trial counsel rendered ineffective assistance in failing to admit into evidence the complainant's forensic interview. The record shows the trial court ruled the parties could use the forensic interview only if the complainant's testimony was inconsistent with what she said in the interview. As with the evidence regarding the prior assault accusation, trial counsel has not been given an opportunity to explain why he did not object to the trial court's ruling nor does appellant offer argument or authority showing the forensic interview would, on its own, be admissible into evidence. *See* TEX. R. EVID. 613 (explaining limitations on use of prior statements to impeach a testifying witness). Trial counsel is not required to take futile actions to provide effective representation. *See Mooney v. State*, 817 S.W.2d 693, 698 (Tex. Crim. App. 1991) (en banc).

The record shows trial counsel used the forensic interview transcript to refresh the complainant's memory about an inconsistency between her testimony and her forensic interview regarding whether she had made her bed. The record further shows in cross-examining the police detective who investigated the offense, trial counsel used a sexual assault questionnaire the complainant had filled out while awaiting her medical examination to bring out

inconsistencies between the questionnaire and the complainant's testimony. In the absence of trial counsel's explanation for his strategy, the absence of any argument suggesting the document was admissible into evidence, and trial counsel's use of both the forensic interview and the sexual assault questionnaire to highlight inconsistencies in the complainant's versions of events, we cannot conclude appellant has shown he received ineffective assistance.

Nothing in the record indicates trial counsel's medical condition affected his ability to render effective assistance after the continuance granted by the trial court. We conclude appellant has not met his burden to show trial counsel's medical condition caused him to render ineffective assistance. *See Strickland*, 466 U.S. at 687–89; *Bryant*, 448 S.W.3d at 39; *Burnett*, 784 S.W.2d at 515.

Moreover, we agree with the trial court that appellant has failed to carry his burden to demonstrate how the result would have been different had trial counsel made more objections, called expert witnesses, and taken unspecified acts to challenge the trial court's evidentiary rulings. *See Strickland*, 466 U.S. at 694; *Perez*, 310 S.W.3d at 894. The Court has already determined on direct appeal that the State's evidence was legally sufficient to support appellant's conviction. We overrule appellant's fourth issue.

We affirm the trial court's order denying relief on appellant's application for writ of habeas corpus.


Do Not Publish
TEX. R. APP. P. 47
141512F.U05

        /Molly Francis/
        MOLLY FRANCIS
        JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

EX PARTE JOHN KENT MATHIS

No. 05-14-01512-CR

On Appeal from the 382nd Judicial District
Court, Rockwall County, Texas
Trial Court Cause No. 2-11-217-C.
Opinion delivered by Justice Francis.
Justices Lang-Miers and Whitehill
participating.

Based on the Court's opinion of this date, the trial court's order denying relief on appellant's application for writ of habeas corpus is **AFFIRMED**.

Judgment entered March 17, 2015.